IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JERMAINE DOSS,

    Defendant.

Crim. No. 16-0845 MV

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Jermaine Doss' Motion for Bill of Particulars, [Doc. 31], filed on August 21, 2017. The government responded to Mr. Doss' Motion on September 5, 2017, [Doc. 36]. The Court, having considered the Motion and the relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

On January 24, 2017, a Superseding Indictment was returned charging Mr. Doss with three counts of sex trafficking, in violation of 18 U.S.C. § 1591(a). In the present Motion, Mr. Doss argues that "[t]he superseding indictment . . . leaves Mr. Doss entirely unclear as to what he allegedly did, over the course of large spans of times that would prove that he committed this crime." [Doc. 31 at 2]. Mr. Doss asks the Court to direct the government to file a bill of particulars "describ[ing] with particularity all acts by Mr. Doss that it claims constituted sex trafficking." [Doc. 31 at 2-3].

In its response, the government argues that "[d]efense counsel has received an abundance of discovery as to the three counts charged in the indictment" and that "there is no misunderstanding as to what the Defendant is alleged to have done." [Doc. 36 at 2]. The

1

government further states that the dates in the Superseding Indictment are "the best estimates the government could obtain" because the alleged victims of Mr. Doss' actions "were living often in subhuman conditions, were using drugs and were unable to keep track of dates." *Id*. at 2.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). Although a defendant is not entitled to full disclosure of all of the government's evidence prior to trial, he or she is entitled to disclosure of the government's theory of the case. *Id*.

On November 2, 2017, the Court held a pretrial conference and confirmed that, at present, substantial discovery has been completed. At this advanced stage in discovery, motion practice, and preparation for trial, Mr. Doss now understands the theory of the government's case against him. Accordingly, the Court denies this Motion.

**IT IS THEREFORE ORDERED** that Mr. Doss' Motion for Bill of Particulars, [Doc. 31] is denied.

DATED this 3rd day of November, 2017.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE