IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                                         Crim. No. 16-0845 MV

JERMAINE DOSS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Jermaine Doss' Motion for Severance of Offenses, [Doc. 46], filed on October 6, 2017. The government filed its Response to the Motion [Doc. 58] on October 20, 2017. The Court heard oral arguments on the Motion on November 3, 2017. Having considered the Motion and the relevant law, and being otherwise fully informed, the Court finds that the Motion is not well-taken and will be denied.

On January 24, 2017, a Superseding Indictment was returned charging Mr. Doss with three counts of sex trafficking, in violation of 18 U.S.C. § 1591(a). [Doc. 17]. Each count is associated with a separate alleged victim: BJ, TK, and AK. Mr. Doss' Motion requests that the Court sever Counts 1, 2, and 3 of the Superseding Indictment and hold separate trials for each count. [Doc. 46 at 1]. The defense argues, first, that the three counts were not properly joined under Fed. R. Crim. P. 8 because there is "almost no factual connection between the charges and no factual connection, other than allegations against Mr. Doss, between the alleged victims." [Doc. 46 at 3]. Second, the defense argues that even if the counts were properly joined under Rule 8, the Court should find that Rule 14 compels severance of the charges, in order to avoid prejudice

1

to Mr. Doss. [Doc. 46 at 3-4]. In particular, the defense argues that (1) "the jury may use evidence of proof of one crime as evidence of another crime," (2) a joint trial would impair Mr. Doss' constitutional right to refuse to testify, and (3) evidence of other counts would not be admissible against Mr. Doss in separate trials. [Doc. 46 at 5, 9, 10]. During oral argument, the defense clarified that Mr. Doss may want to testify in response to one of the alleged victims, with whom Mr. Doss alleges he had a romantic relationship, but that he does not want to testify against the other two alleged victims, in light of impeachment evidence available.

In response, the government argues that the counts were properly joined because "the offenses are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." [Doc. 58 at 3-4 (quoting *Untied States v. Price*, 265 F.3d 1097, 1105 (10th Cir. 2001)]. In particular, the government intends to prove at trial that Mr. Doss used "fraud, force, threats of force and other forms of coercion to exploit [each of the] three women for his personal profit." *Id*. at 4. Furthermore, the government argues that Mr. Doss has not met his burden in justifying a severance. First, the defense has only speculated prejudice and has not identified actual prejudice that will result from joinder of the three counts. *Id*. at 5 (citing *United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993); *United States v. Caldwell*, 560 F.3d 1214, 1221 (10th Cir. 2009); *inter alia*). Second, a limiting instruction can cure possible prejudice. *Id*. at 7 (citing, *inter alia*, Tenth Circuit Pattern Instruction 1.22[1]). Third, Mr. Doss has not made "a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Id*. at 9 (citing *United States v. Valentine*, 706 F.2d 282, 291 (10th Cir. 1983)). Finally,

---

1 Tenth Circuit Pattern Instruction 1.22 reads as follows: "A separate crime is charged against one or more of the defendants in each count of the indictment. You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant. Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts."

the government argues that evidence pertaining to other counts would be admissible in separate trials, under Fed. R. Evid. 404(b), for the purpose of showing "motive, intent and a common plan on Mr. Doss' part to exploit and abuse women for profit." *Id*. at 10-11.

The Court agrees that, based on the government's theory that Doss had a common plan to exploit women for his personal profit, the counts were properly joined under Rule 8. The Court also agrees that the defense has not met its burden justifying a severance under Rule 14. "Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007). "To establish prejudice, a defendant must identify a 'specific trial right that was compromised or show the jury was prevented . . . from making a reliable judgment about guilt or innocence.'" *United States v. DeLeon*, 2017 WL 3054511, at *83 (D.N.M. June 30, 2017) (quoting *United States v. Pursley*, 474 F.3d 757, 766 (10th Cir. 2007).

The defense has not demonstrated that there will be actual prejudice in trying the three counts together. Mr. Doss' argument that he may wish to testify in response to one alleged victim but not in response to the others fails to elucidate an actual conflict in Mr. Doss' defenses to each count. In other words, Mr. Doss has not cited excerpts from the exhibits at issue that actually show he will be unable to mount defenses to each count in one trial. Although it is the defense's burden to cite such conflicts, the Court examined the government's exhibits itself and did not identify evidence indicating that Mr. Doss would be unable to present complete defenses to all counts during one trial. In sum, the defense has only presented possible prejudice. However, neither "a mere allegation that defendant would have a better chance of acquittal in a separate trial" nor an arguing that evidence would have a "spillover effect" demonstrates prejudice. *United States v. Jones*, 530 F.3d 1292, 1303 (10th Cir. 2008).

Furthermore, the defense has not shown why a limiting instruction would be insufficient to cure possible prejudice. As "a general rule, [courts] presume[] that juries follow [limiting] instructions." *United States v. Lane*, 883 F.2d 1484 (10th Cir. 1989); *United States v. Cardall*, 885 F.2d 656, 668 (10th Cir. 1989) ("[T]hat juries can and will follow the instructions they are given is fundamental to our system of justice."). Finally, the Court agrees at this time that evidence pertaining to other counts would be admissible in separate trials under Fed. R. Evid. 404(b), to show Doss' common scheme or plan to coerce vulnerable women into engaging in commercial sex. Because Mr. Doss has not met his burden under Rule 14 to show actual prejudice and that a limiting instruction would be insufficient, the Motion for Severance must be denied.

**IT IS THEREFORE ORDERED** that Mr. Doss' Motion for Severance of Offenses, [Doc. 46] is denied.

DATED this 6th day of November, 2017.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE