IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Crim. No. 16-0845 MV

        v.

JERMAINE DOSS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Jermaine Doss' Motion for Rule 17(c) Subpoena [Doc. 76], filed on October 27, 2017. At a hearing during which the Court heard testimony and argument on other pending motions in this case, the government informed the Court that it does not have standing to challenge the present Motion for Subpoena and did not intend to submit a response. Accordingly, the Court, having considered the Motion and the relevant law, and being otherwise fully informed, finds that, with some revisions to the proposed subpoena, described herein, the Motion is well-taken and will be granted.

## BACKGROUND

On January 24, 2017, a Superseding Indictment was returned charging Defendant with three counts of sex trafficking, in violation of 18 U.S.C. § 1591(a). On the instant Motion, Mr. Doss requests, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, the Court's permission to issue a subpoena *duces tecum* to the New Mexico Attorney General's Office ("NMAG") seeking information related to (1) investigation of sex trafficking related to Mr. Doss or an alleged victim in this case, T.K., and (2) the Enhanced Collaborative Model to Combat Human Trafficking Program.

**DISCUSSION**

I.      Legal Standard

Rule 17 governs the issuance of subpoenas in criminal proceedings.   Rule 17(a) describes

the process for obtaining subpoenas returnable at trial by those who are able to pay for them.

Specifically, a party obtains from the clerk a blank subpoena, signed and sealed, and then fills in

the time and place at which the witness must attend and testify.   Fed. R. Crim. P. 17(a).   Rule

17(b) describes the procedure for defendants who are filing an *ex parte* application and are unable

to pay the required fees.

Rule 17(c) governs the issuance of subpoenas *duces tecum*, and enables either party to

obtain documents or other physical evidence.   Specifically, Rule 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data,
> or other objects the subpoena designates.   The court may direct the witness to
> produce the designated items in court before trial or before they are to be offered in
> evidence.   When the items arrive, the court may permit the parties and their
> attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).   While Rule 17(c) provides no specific direction as to how to obtain a

subpoena *duces tecum*, courts have interpreted the language of the rule to "indicate[] that an

application for a subpoena *duces tecum* returnable at trial is governed by the provisions of Rule

17(a) and 17(b) dealing with the issuance of trial subpoenas."   *United States v. Reyes*, 162 F.R.D.

468, 469 (S.D.N.Y. 1995).

Unlike a trial subpoena issued under Rule 17(a) or 17(b), however, Rule 17(c) provides

that a subpoena *duces tecum* may be made returnable *before* trial or other evidentiary hearing.   As

noted above, the second sentence of the rule provides that the court "may direct the witness to

produce the designated items in court before trial or before they are to be offered in evidence."

Fed. R. Crim. P. 17(c); *see also United States v. Nixon*, 418 U.S. 683, 698-99 (1974) (citing

*Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951) ("Its [Rule 17(c)] chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."). Rule 17, however, provides no "guidance as to the proper procedure for obtaining a pretrial subpoena *duces tecum*." *Reyes*, 162 F.R.D. at 470.

The Supreme Court has long established that "Rule 17(c) is not intended to provide an additional means of discovery." *Bowman Dairy*, 341 U.S. at 220. Accordingly, a party seeking issuance of a subpoena *duces tecum* under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial: and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *Nixon*, 418 U.S. at 699-700). In order to meet this burden, the moving party "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *United States v. Morris*, 287 F.3d 985 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700). It is insufficient that the requested evidence "may have some potential of relevance and evidentiary use." *United States v. Sellers*, 275 F.R.D. 620, 624 (D. Nev. 2011). "The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a 'fishing expedition to see what may turn up.'" *Id.* (quoting *Bowman Dairy*, 341 U.S. at 221). As the court noted in *United States v. Noriega*, "[i]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." 764 F. Supp. 1480, 1493 (S.D. Fla. 1991).

II.	The Instant Case

Mr. Doss seeks two categories of information from NMAG: (1) materials related to investigation of sex trafficking involving Mr. Doss or T.K., and (2) materials related to the Enhanced Collaborative Model to Combat Human Trafficking Program. The Court finds that each category of information sought is relevant, admissible, and, with some revision, identified with sufficient specificity.

A.	Investigation Materials

NMAG conceded in correspondence with defense counsel that the investigative materials are relevant. The Court finds that these records, particularly in the form of police records and correspondence between law enforcement and victim support programs, are admissible. Attorney work product, containing an attorney's mental processes, is not being solicited as part of this request and shall not be subpoenaed. As Mr. Doss points out, these documents would be public records under Fed. R. Evid. 803(8), and may be properly authenticated under Fed. R. Evid. 901(b)(1) or (7). [Doc. 76 at 9]. The Court also finds that the request is sufficiently specified, as Mr. Doss is requesting public records stemming from any investigation pertaining to himself and particularly to T.K. The requested information is therefore tailored to the needs of this case.

B.	The Enhanced Collaborative Model to Combat Human Trafficking Program

Mr. Doss argues that this information is relevant because it "would most likely show that money [grants] from [this program] to State and Federal Agencies was contingent on the number of arrests, the number of convictions, as well as the number of alleged victims who received financial assistance." [Doc. 76 at 7]. Grant applications are filed by law enforcement agencies and victim support organizations. *Id*. Mr. Doss argues that because all three alleged victims in this case either participated in or considered participation in these programs, additional

information about this program is relevant.  *Id*. at 8.  The Court agrees.  Furthermore, as explained above, these documents would also be admissible public records.

Regarding specificity, Mr. Doss' request identifies specific categories of material sought regarding the Enhanced Collaborative Model to Combat Human Trafficking Program.  *See* Doc. 76-2.  By way of a written request, received by NMAG on August 31, 2017, Mr. Doss requested (1) the original grant and stipulations, (2) any and all disbursements, (3) documents related to efficacy of the program, (4) itemization of grant funds, (5) and press releases.  *Id*.  Mr. Doss requested each of these five subcategories of documents pertaining not only to grants to NMAG but also to grants made to "The Life Link" or Shannon Morrison, Apex Consulting.  NMAG stated in its written response, dated October 12, 2017, that the request is "excessively burdensome or broad" and would necessitate a delayed response.  *Id*.

In light of the rapidly approaching trial date in this case, Mr. Doss now files the instant Motion and argues that his request was made as narrowly as feasible, given his purportedly insufficient knowledge of the alleged victims' interactions with law enforcement and victim support programs.   Given the relevance and admissibility of this evidence, the Court is reluctant to deny Mr. Doss' request to subpoena this information.  However, in light of the very limited timeframe before trial, the Court will limit Mr. Doss' request to these five sub-categories of documents pertaining to grants made to NMAG only.

### CONCLUSION

The Court finds that, notwithstanding the revisions ordered below, Mr. Doss has satisfied the *Nixon* test as to the two categories of materials enumerated in his Motion, and that pretrial production of these materials is justified.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Rule 17(c) Subpoena

*Duces Tecum* [Doc. 76] is granted, as follows:

1.  Defense counsel shall revise its proposed Subpoena *Duces Tecum* in conformity with this Order, as follows:

   A.  The requested materials pertaining to the Enhanced Collaborative Model to Combat Human Trafficking Program shall be limited to grants made to NMAG and shall not include grants made to "The Life Link" or Shannon Morrison, Apex Consulting.

   B.  The requested materials shall be due no later than ten days from the date of receipt of the Subpoena by NMAG.

   C.  NMAG shall have ten days from the date it receives the Subpoena to file a motion to quash the Subpoena in accordance with Fed. R. Crim. P. 17(c)(2). If NMAG files a motion to quash within the time period allowed as to some of the documents, but not all of the documents, those documents not subject to an objection shall be delivered to the Court no later than ten days from the date of receipt of the Subpoena by NMAG.

2.  Once defense counsel has revised the Subpoena, she shall submit the revised Subpoena to the Clerk of the United States District Court for the District of New Mexico for issuance.

3.  The Clerk's Office shall issue the revised Subpoena, and once the Subpoena has been issued, the Clerk's Office shall contact defense counsel.

4.  Defense counsel shall be responsible for service of the Subpoena upon NMAG.

5.  Upon receipt of the responsive materials, the Court will notify both parties that the documents are available for inspection and copying.

6.  The cost of process, fees, and expenses associated with service of the revised Subpoena shall be paid as if subpoenaed on behalf of the government.

DATED this 8th day of November, 2017.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE