UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                    No. 16-CR-845-MV

JERMAINE DOSS,

    Defendant.


**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO EXCLUDE ALL EVIDENCE
OBTAINED PURSUANT TO THE TRACKING WARRANT**

THIS MATTER comes before the Court on Defendant Jermaine Doss's Motion to Exclude all Evidence Obtained Pursuant to the Tracking Warrant. [Doc. 53]. The government timely responded in opposition. [Doc. 101]. The Court held an evidentiary hearing on November 13, 2017 and heard argument from the parties on both November 13, 2017 and November 14, 2017. For the reasons set forth below, Mr. Doss's motion will be denied.

Mr. Doss asserts that evidence obtained pursuant to the GPS tracking device placed on his vehicle should be excluded because it is irrelevant.[1] In the alternative, Mr. Doss argued at the pretrial hearing that even if the Court finds the evidence is relevant, it should nevertheless be excluded because the evidence was provided on November 13, well after the deadline set forth in this Court's discovery order.

---

[1] In Mr. Doss's written submission, he also argued that introduction of the evidence would violate the Due Process Clause of the Fifth Amendment, *California v. Tombetta*, 467 U.S. 479 (1984), and *Arizona v. Youngblood*, 488 U.S. 51 (1988) because the original GPS tracking data was either lost or destroyed. The parties subsequently informed the Court that the original GPS tracking data had been recovered and provided to defense counsel on November 13, 2017. Accordingly, Mr. Doss withdrew this argument at the November 13 pretrial hearing.

Mr. Doss is charged in a superseding indictment with three counts of sex trafficking. Each count relates to a separate alleged victim: TK, BJ, and AK. The dates identified in the superseding indictment "span from February 1, 2015 through August 1, 2015 for TK, from December 2014 to March 2015 for BJ and from June 1, 2015 through August 30, 2015 for AK." [Doc. 53 at 2]. On October 20, 2015, Agent David Dindinger obtained a warrant to install a tracking device on Mr. Doss's vehicle. [Doc. 53 at 2]. The tracking device was installed on October 21, 2015 and removed on December 8, 2015.

Mr. Doss was initially provided Agent Dindinger's report of investigation, which summarized some of the agent's observations of the tracking device's location. The report described that Mr. Doss was "in the vicinity" of ten hotels. [Doc. 53-1 at 3]. The report also listed the dates and times that Mr. Doss was allegedly near the hotels, as well as the name of each hotel. Mr. Doss was also provided with an Excel spreadsheet containing some, but not all, of the GPS tracking data. This spreadsheet did not contain any of the ten instances described in Agent Dindinger's report. At the time, the government explained that the original GPS tracking data was "missing"; however, the data was subsequently recovered and provided to Mr. Doss on November 13, 2017.

Mr. Doss argues that the GPS data is irrelevant because the tracker recorded activity that occurred after the dates described in the superseding indictment. [Doc. 53 at 1]. The government responds that this tracker data is relevant because a jury could reasonably infer that Mr. Doss visited these hotels because he had prostitutes working for him there. [Doc. 101 at 4].

"Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence . . . and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. "The bar for admission under Rule 401 is 'very low.'" *United States*

*v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007). "[U]nder Rule 401 a fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict." *Gardetto v. Mason*, 201 F.3d 447, *6 (10th Cir. 1999).

Given the very low bar set for the admission of evidence under Rule 401, the tracking data is relevant. Mr. Doss is charged with three counts of sex trafficking, and much of the alleged sex trafficking activity occurred in hotels in Albuquerque. The tracking data allegedly shows that Mr. Doss visited at least ten hotels in the city. A reasonable juror could infer that these hotel visits were related to the alleged sex trafficking. This inference is not precluded by the fact that the hotel visits occurred after the dates described in the indictment. These visits can demonstrate that Mr. Doss had a practice of visiting hotels in Albuquerque, and the evidence makes it more probable that he engaged in this same behavior during the period described in the indictment.

Acknowledging the relevance of this data does not preclude Mr. Doss from impeaching it. Mr. Doss will certainly be permitted to point out that there is no evidence of hotel visits during the times in the indictment. Additionally, admitting evidence of Mr. Doss's actions outside the timeframe in the indictment does not reduce the government's burden to prove beyond a reasonable doubt that the defendant committed the crime reasonably near the date described in the indictment. *See* Tenth Circuit Pattern Jury Instruction 1.18; *United States v. Poole*, 929 F.2d 1476, 1482 (10th Cir. 1991) ("The 'on or about' instruction . . . has been approved by this Circuit on numerous occasions.").

Mr. Doss argues that even if the Court finds the evidence is relevant, it should nevertheless be excluded because the evidence was provided on November 13, well after the deadline set forth in this Court's discovery order. "When the government fails to comply with a

discovery order, the factors the district court should consider in determining if a sanction is appropriate are (1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance." *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988). "Regarding the first factor . . . identified in *Wicker,* exclusion is ordinarily only appropriate where a party acts in bad faith or lacks any legitimate reason for a delay. . . . But our case law also establishes that negligence alone can justify excluding evidence." *United States v. Yepa*, 608 F. App'x 672, 678 (10th Cir. 2015).

Mr. Doss's argument fails because he has not demonstrated that he would be sufficiently prejudiced by the admission of the GPS tracking data. Although Mr. Doss just received the full GPS tracking data on November 13, 2017, Agent Dindinger's report was provided to defense counsel months ago, in accordance with the discovery order. Mr. Doss had the opportunity to investigate the ten locations described in the report well in advance of trial. With respect to the GPS data that was recently discovered, Mr. Doss overstates the amount of time it will take to analyze the data prior to trial. As the Court advised the parties, the Court examined this GPS data and finds that it is not particularly burdensome to compare the relevant GPS data with the 10 instances described in Agent Dindinger's report. Because the government will only be permitted to introduce testimony regarding these 10 instances, the amount of data that Mr. Doss will have to review is significantly reduced.

Accordingly, because the GPS tracking data is relevant and Mr. Doss is not sufficiently prejudiced by the late disclosure of the data, his motion will be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Exclude All Evidence Obtained Pursuant to the Tracking Warrant is **DENIED**. The government is permitted to introduce testimony regarding the location data recorded in Agent Dindinger's Report of Investigation. The government may not introduce any other data from the GPS tracker. Defendant may use any of the GPS tracker data to impeach Agent Dindinger's testimony.

DATED this 15th day of November, 2017.

_____
MARTHA VAZQUEZ
United States District Judge