IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

JERMAINE DOSS,

      Defendant.

Crim. No. 16-0845 MV

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Jermaine Doss's Motion to Suppress Evidence, [Doc. 49], filed on October 13, 2017. The government filed its Response to the Motion [Doc. 77] on October 29, 2017. The Court held an evidentiary hearing on the Motion on November 13, 2017. Having considered the Motion and the relevant law, and being otherwise fully informed, the Court finds that the Motion is not well-taken and will be denied.

On January 24, 2017, a Superseding Indictment was returned charging Mr. Doss with three counts of sex trafficking, in violation of 18 U.S.C. § 1591(a). [Doc. 17]. The following summarizes the testimony of Department of Homeland Security Special Agent David Dindinger, Albuquerque Police Detective Matthew Vollmer, and Maria Pacheco of T&C Management, the entity that owns the apartment at issue.

On February 11, 2016, Bernalillo County sheriff's deputies executed a writ of restitution at Mr. Doss's former apartment. The writ was a court order of eviction, instructing the deputies to remove Mr. Doss and anyone else from the apartment. After the eviction process was complete

(i.e. the deputies determined the apartment was unoccupied), SA Dindinger entered and observed the items in plain view in the apartment, including ammunition and a cell phone.

SA Dindinger spoke with Maria Pacheco from T&C Management, which owns the apartment complex, and asked what would become of the items in the apartment. Ms. Pacheco said she would be clearing the apartment out and throwing everything away. She agreed to provide "any documents found in the residence, the ammunition and any cellular phones after they were removed by T&C staff and prior to disposal." [Doc. 49-3 at 3]. On February 17, 2016, APD Detective Matthew Vollmer collected these items from one of Ms. Pacheco's coworkers. Mr. Doss now moves to suppress the items found in the apartment, which include suboxone, ammunition, a pistol magazine, two cell phones, a driver's license for AK, mail addressed to TK, and other documents including documents related to stays at one of the hotels allegedly used in this case.

Mr. Doss argues that the writ of restitution only allowed sheriff's deputies to return the apartment to the owner, T&C, and that the writ did not allow law enforcement to conduct a search of the apartment for evidence in an ongoing criminal investigation. In other words, Doss objects to the presence of SA Dindinger when the writ of restitution was executed. However, he cites no support for the proposition that it was an unlawful search under the Fourth Amendment for SA Dindinger to accompany the sheriff's deputies to the apartment after Mr. Doss was evicted.

Mr. Doss's main argument is that, even though he was evicted, he had a contractual agreement with T&C that they would hold his property for a period after eviction. Clause 12 of the Rules of Residency, an addendum to his lease, states the following:

> If we have to put your stuff in storage, there will be a $50 administrative and cleaning charge that will be taken from the deposit plus (along with all money

> owed) must be paid prior to obtaining belongings from storage. Stored items will only be held for 30 days and then they will be disposed of.

[Doc. 49-4 at 16]. The government argues that (1) Mr. Doss has no standing to challenge the removal of these items because he was lawfully evicted from the apartment, [Doc. 77 at 3], (2) Mr. Doss does not have a reasonable expectation of privacy in the items because he abandoned them, *id*. at 5, and (3) Mr. Doss's lease agreement with T&C has no bearing on the constitutional question of his reasonable expectation of privacy in the apartment, *id*. at 6.

Once a rental period expires or is terminated, control reverts to the owner or manager and the former tenant no longer has an expectation of privacy. *See, e.g., United States v. Croft*, 429 F.2d 884 (10th Cir. 1970); *U.S. v. Banks*, 262 Fed. Appx. 900, 905 (10th Cir. 2008) ("Where an occupant of a hotel room is evicted, he or she no longer has a right to privacy in the room, and there can be no invasion thereof."); *U.S. v. Gutierrez-Casada*, 553 F. Supp. 2d 1259, 1271 (D. Kan. 2008) (citing other circuits holding "that persons 'wrongfully present' lack standing, or a reasonable expectation of privacy in the premises"). Because Mr. Doss does not dispute that he was lawfully evicted from his apartment, he no longer had a reasonable expectation of privacy under the Fourth Amendment.

Furthermore, regarding the issue of whether T&C violated the terms of its lease agreement with Mr. Doss, the defense has not shown that this alleged breach of contract involved government action. Private actors' conduct is generally not reviewable under the Fourth Amendment. *See United States v. Jacobsen,* 466 U.S. 109, 113 (1984) (stating that the Fourth Amendment "is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the government or with the participation or knowledge

3

of any governmental official"). The less that law enforcement is involved in the search, the less likely that a court will find the search to be governed by the Fourth Amendment.

A search by a private citizen becomes a governmental search implicating the Fourth Amendment "if the government coerces, dominates or directs the actions of a private person" conducting the search or seizure. *U.S. v. Smythe,* 84 F.3d 1240, 1242 (10th Cir. 1996) (citing *Pleasant v. Lovell,* 876 F.2d 787, 796 (10th Cir. 1989)). This is because "government agents may not circumvent the Fourth Amendment by acting through private citizens." *Id.* at 1243. The Tenth Circuit stated that there are two important factors to consider in determining whether a private person becomes an agent or instrumentality of the police for purposes of the Fourth Amendment: whether "the government knew of and acquiesced in the intrusive conduct, and ... [whether] the party performing the search intended to assist law enforcement efforts or to further his own ends." *Smythe*, 84 F.3d at 1242 (citing *Pleasant*, 876 F.2d at 797; *United States v. Miller,* 688 F.2d 652, 657 (9th Cir. 1982)). Knowledge and acquiescence exist when a government agent affirmatively encourages, initiates or instigate the private action. *Id.* at 1243 (citing *Pleasant*, 876 F.2d at 797–98). A court must look to the totality of the circumstances to determine whether "the government coerces, dominates or directs the actions of a private person." *Id.* (citations omitted). "In some affirmative way, the police must instigate, orchestrate, encourage or exceed the scope of the private search to trigger application of the Fourth Amendment." *Id.* (citing *United States v. Lambert,* 771 F.2d 83, 89 (6th Cir. 1985)).

Here, SA Dindinger asked Ms. Pacheco what would become of the items in the apartment and asked to retrieve them once removed from the apartment. He initiated this communication with T&C on the basis that Mr. Doss had been lawfully evicted, and his testimony does not indicate awareness of any obligations under the lease. Therefore, the Court finds that neither SA

4

Dindinger nor Detective Vollmer encouraged, initiated or instigated any potential lease violation by T&C. Accordingly, Mr. Doss has not identified a government action in violation of his Fourth Amendment rights.

**IT IS THEREFORE ORDERED** that Mr. Doss's Motion to Suppress Evidence, [Doc. 49] is denied.

DATED this 18th day of November, 2017.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE