IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

                                                               Crim. No. 16-0845 MV

v.

JERMAINE DOSS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Jermaine Doss's Motion to Dismiss Count 3, [Doc. 113], filed on November 15, 2017. The government responded to Mr. Doss's Motion on November 17, 2017, [Doc. 121]. The Court, having considered the Motion and the relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

On January 24, 2017, a Superseding Indictment was returned charging Mr. Doss with three counts of sex trafficking, in violation of 18 U.S.C. § 1591(a). Each count is associated with a separate alleged victim: BJ, TK, and AK. Count 3 of the Superseding Indictment alleges the following:

> From on or about June 1, 2015, through on or about August 30, 2015, the exact dates being unknown, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, JERMAINE DOSS, knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained and maintained A.K., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion would be used to cause A.K. to engage in a commercial sex act.

During a hearing on November 13, 2017, counsel for the government indicated that the allegations regarding AK relate to October 2015. In his Motion to Dismiss Count 3, Mr. Doss argues that in light of this revelation, there is no evidence to support the allegation involving AK between June 1, 2015, and August 30, 2015, and that the government should make a new presentation to the grand jury. [Doc. 113]. Mr. Doss also argues that Count 3 violates his Fifth Amendment protection against double jeopardy as well as his Sixth Amendment rights to confrontation, effective assistance of counsel, and a fair trial. *Id*. at 3.

On November 15, 2017, a Second Superseding Indictment was returned, changing the date range alleged in Count 3 to on or about August 30, 2015, through on or about November 30, 2017. [Doc. 117]. In its response to the Motion to Dismiss Count 3, the government argues that Count 3, as alleged in the Second Superseding Indictment, should not be dismissed because it does not allege a new crime or a new victim, and because "the new date range is close in time to the date range alleged in the (first) Superseding Indictment." [Doc. 121 at 3].

The Court is persuaded that although the Second Superseding Indictment was returned less than two weeks before trial, Mr. Doss's Fifth and Sixth Amendments rights will not be violated by this change. First, because a Second Superseding Indictment was returned, Mr. Doss's concerns about double jeopardy are moot. Second, given that the new indictment range is very close in time to the date range previously alleged and that the crime alleged and the complaining witness have not changed, Mr. Doss has not shown prejudice to his Sixth Amendment rights.

**IT IS THEREFORE ORDERED** that Mr. Doss's Motion to Dismiss Count 3, [Doc. 113] is denied.

DATED this 22nd day of November, 2017.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE